Plaintiff-appellant Judy M. Sells appeals from a summary judgment rendered in favor of defendant-appellee American International Companies. Sells, who is seeking to recover under a policy of credit disability insurance, contends that the trial court erred in rendering summary judgment against her because there is a genuine issue of material fact as to whether she made a willfully false and fraudulent statement in her application for the insurance. Although we agree with the trial court that the question on the application to which Sells was responding does not suffer from ambiguity, as she claims, we conclude that there is nevertheless a genuine issue of material fact whether, in filling out the application, Sells made a willfully false and fraudulent statement. Accordingly, the judgment of the trial court isReversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I
In early 1995, Sells purchased a new car, a Cadillac Seville, from Voss Village Cadillac/Oldsmobile, Inc. Voss Cadillac was originally a defendant in this action, but was voluntarily dismissed, without prejudice, before summary judgment was rendered in favor of the one remaining defendant.
In connection with her purchase, Sells applied for credit disability and credit life insurance. Her one-page application is appended to this opinion. She was charged a premium in excess of $4,000 for this insurance. Specifically, she was charged a premium of $2,197.80 for the credit disability insurance.
The insurance application called for Sells to check yes or no boxes with respect to three questions. The second of these questions was as follows:
 In the last twelve months have you: been advised to have, or received, treatment for heart disease, high blood pressure, mental or nervous disorder, cancer, diseases or disorders of the respiratory system, intestinal tract, urinary system or any other disease or disorder?
In response to the above-quoted question, the "no" box was checked. These questions appeared just above Sells's signature on the application.
In September, 1995, Sells made a claim on the credit disability policy, claiming that she was suffering from a disability beginning August 30, 1995, by reason of surgery performed at Miami Valley Hospital on that date. In January, 1996, Sells tendered a claim alleging disability, also commencing August 30, 1995, resulting from major depression. Defendant-appellee American Insurance Companies denied these claims, based upon the fact that during the twelve months preceding Sells's application, she had been repeatedly treated for synovitis and myositis and pain in her left wrist. The parties alternatively refer to this condition as carpal tunnel syndrome.
Sells brought this action against American Insurance and Voss Cadillac. American Insurance moved for summary judgment. Sells voluntarily dismissed Voss Cadillac, without prejudice. The trial court found American Insurance's motion for summary judgment to be well-taken, and rendered judgment accordingly. From the summary judgment rendered against her, Sells appeals.
 II
Sells's First Assignment of Error is as follows:
 THE LANGUAGE IN THE INSURANCE CONTRACT IS VAGUE AND AMBIGUOUS, THEREBY CREATING A GENUINE ISSUE OF MATERIAL FACT WHICH COULD NOT BE RESOLVED ON SUMMARY JUDGMENT.
Sells contends that the question in the application to which she has been alleged to have given an incorrect response is ambiguous as to whether the question refers to the condition in her left wrist for which she had been treated in the previous twelve months. We disagree. We agree with the trial court that the question's reference to "any other disease or disorder," clearly and unambiguously refers to any physical disorder for which Sells received treatment, which would include the carpal tunnel syndrome, for which she had received repeated and substantial treatment.
Sells's First Assignment of Error is overruled.
 III
Sells's Second Assignment of Error is as follows:
 THE APPELLEE FAILED TO MEET THE PENTADACTYL TEST ESTABLISHED BY O.R.C. § 3923.14; THEREFORE, SUMMARY JUDGMENT WAS IMPROPER.
R.C. 3923.14 provides, in pertinent part, as follows:
 The falsity of any statement in the application for any policy of sickness and accident insurance shall not bar the right to recovery thereunder, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such false statement is willfully false, that it was fraudulently made, that it materially affects either the acceptance of the risk or the hazard assumed by the insurer, that it induced the insurer to an issue the policy, and that but for such false statement the policy would not have been issued.
That Sells's incorrect negative answer to the second-numbered question on the application for the insurance materially affected either the acceptance of the risk or the hazard assumed by American Insurance appears incontrovertable. Sells used her left wrist to perform about 30,000 identical operations per day in her assembly-line job, so that any condition impairing her ability to continue to use her left wrist in her job would necessarily materially affect the hazard assumed by the insurer. Furthermore, American Insurance introduced unrebutted affidavits to the effect that it was induced to issue the policy by Sells's negative answer to the second question on the application, and that, pursuant to its underwriting standards, the policy would not have been issued had Sells correctly answered the question.
An issue remains, however, whether Sells's false statement was "willfully false" and "fraudulently made." From the wording of section 3923.14, it necessarily follows that not every false statement can be deemed to have been willfully false or fraudulently made.
Daratony v. Paul Revere Life Ins. Co. (March 30, 1995), Franklin App. No. 94APE05-727, unreported, is instructive. In that case, an applicant for a policy of personal disability insurance was confronted with the following question in the application form: "Have you within the past 5 years: a. Been examined by or consulted a physician or other practitioner?" The applicant responded that he had had a physical exam, an EKG, and some blood work done in 1990. The applicant neglected to mention that he had suffered from dizziness, headaches, indigestion, substantial weight gain in a short period of time, chest pains on three separate occasions within the immediate six months prior to his application, attention deficit disorder, "test" anxiety, spastic esophagus, an overnight observation at a hospital, cervical and lumbar strains, rib fractures, heart murmur, hepatitis, bronchitis, and a cystoscopy surgery. Furthermore, the applicant answered in the negative with respect to other questions in the application asking whether he had ever been treated for chest pain, heart murmur, headaches or fainting spells.
Unsurprisingly, the insurer in Daratony, supra, denied a claim for benefits under the policy. When the applicant brought suit against the insurer, the trial court rendered a partial summary judgment in which it found that reasonable minds could only reach a conclusion in favor of the insurer on all other issues, but that there was a genuine issue of material fact as to whether the applicant had willfully and fraudulently provided false statements on his application for insurance. The case went to a jury, which found in favor of the insurer. On appeal, the insurer cross-assigned as error that it should have been granted a complete summary judgment, including the issue of whether the applicant had willfully and fraudulently provided false statements. The court of appeals rejected this cross-assignment of error, reasoning as follows:
 Upon reviewing the transcript and the depositions in this case, this court finds that appellant presented sufficient evidence to withstand a motion for summary judgment for purposes of determining whether or not he willfully and fraudulently gave false statements on his application for insurance.
 It was appellant's testimony that when the paramedic asked him questions, they were read in a string without pausing. This led appellant to believe that appellee was concerned about systems as a whole, not symptoms, and he therefore answered in the negative to many of the questions. It was also appellant's contention that the paramedics stated that he only wanted to know about serious unresolved problems. Accordingly, because appellant believed that he did not have any problems with his cardiac system as a whole, for example, he answered no to such a question and did not acknowledge that he had experienced chest pains. Accordingly, appellee's cross-assignment of error on appeal is overruled insofar as this court finds that appellant presented sufficient evidence to withstand a motion for summary judgment on the issue of whether or not he intended to give false information to appellee. See, also, Continental Ins. Co. v. Whittington (1994), 71 Ohio St.3d 150. This issue appropriately went to the jury, and appellee's cross-assignment of error is overruled.
Daratony, supra, at 5.
We have reviewed Sells's deposition, and we conclude that she has an even stronger claim for the existence of a genuine issue of material fact as to whether or not she willfully and fraudulently gave false statements on her application for insurance. She testified that when she was presented with the application form, the single person with whom she was then dealing "asked me if I had any life-threatening diseases or anything. I said no." She testified that there was no further discussion about the questions on the form. The following excerpts from Sells's deposition testimony are significant:
 Q. I would agree with you that it doesn't mention your wrist or your hand, but it does say, "any other disease or disorder," and you saw that before you signed the document?
 A. Right, but I don't consider that a life-threatening disease.
 Q. In your mind was this question number two only asking you about life-threatening diseases?
 A. Not really, but I don't know. I am just going on what it said.
* * *
 Q. Speaking of a medical condition, in laymen's language — and I know you are not a doctor — what does disorder mean to you? Does it mean —
A. It means something that doesn't work.
 Q. Something that doesn't work the way it's supposed to?
A. Right.
 Q. On January 12, `95, your left wrist wasn't working the way it was supposed to; was it?
A. Yes, it was, um-hmm. I was using it every day.
Q. With pain.
 A. Well, with some pain. I have pain all the time, so — in both hands, so any time you are on a job in a factory I think you are going to have pain in your hands.
In its brief, American Insurance cites Jenkins v.Metropolitan Life Ins. Co. (1961), 171 Ohio St. 557,173 N.E.2d 122, third paragraph of syllabus, for the following proposition:
 Where in an application for a policy of life insurance an insured states that he was last sick about 10 months earlier and treated by doctor M for a cold and such insured then gives a negative answer to a question as to whether he had consulted any physician within five years for reasons not mentioned in the application and where it appears that such insured had consulted doctor M at times, 40, 32 and 2 days before giving that answer and where there is no evidence tending to prove that the insured made an honest mistake in giving such negative answer, such answer will be held as a matter of law to have been willfully false and fraudulently made.
In the case before us, the trial court found, on the evidence before it, that reasonable minds could only reach one conclusion, and that conclusion was that Sells, in having provided a negative answer to the second-numbered question on the application, cannot be found to have made a honest mistake. We disagree. When the evidence is viewed in the light most favorable to Sells, we conclude that reasonable minds might disagree on that issue.
Sells's Second Assignment of Error is sustained.
 IV
Although not directly raised as an issue in this appeal, it should be noted that Sells brought this action not only to recover under the policy, but also to recover punitive damages under the theory that American Insurance's denial of her claim was malicious, fraudulent, and oppressive conduct reflecting a conscious disregard of her rights. American Insurance presented an appropriate affidavit from the individual who made the decision to deny her claim, in which it was averred that the decision to deny her claim was made in good faith, and without malice. Furthermore, although we have concluded that a jury issue is made out on the question of whether Sells's false statement on her application was made willfully and fraudulently, we have seen nothing in this record to suggest that American Insurance acted maliciously, in bad faith, or in conscious disregard of Sells's rights.
 V
Sells's second Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
BROGAN, and WOLFF, JJ., concur.
Copies mailed to:
Todd D. Severt
Joshua J. Kancelbaum
Hon. James Gilvary